FILED

JUL 24 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY MM DEP CLK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-MC-00025-D

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Respondent. | PETITION TO ENFORCE A CUSTOMS SUMMONS |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, by and through its counsel, files this Petition to enforce a lawfully issued customs summons pursuant to 19 U.S.C. § 1510(a). In support of this Petition, the United States submits the following:

## I. Introduction

1. On or about April 27, 2026, the United States through the U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI") issued a customs summons to Google, LLC ("Google"). *See* Exhibit 1, Summons 51540. The customs summons relates to an ongoing joint HSI and Internal Revenue Service ("IRS") criminal investigation into suspected elder fraud being committed by foreign perpetrators. *See* Declaration of Joseph Cremeens [filed concurrently but separately under seal]. Google has repeatedly refused to comply with the summons despite

numerous efforts by HSI through ICE, Office of the Principal Legal Advisor ("OPLA") to explain its authorities to issue custom summonses and address Google's concerns without litigation. *See id.* The United States therefore requests that this Court order Google to comply.

## II. Background

2. On or about March 16, 2026, HSI served Google with the first of three customs summonses, HSI-RA-2026-039236-001 (Google Reference # 128934260) ("Summons #1"), to obtain subscriber information for target email accounts used to entice elderly victims through fraud to send large sums of money domestically and internationally. *See id.*

3. On March 17, 2026, HSI served Google with a second customs summons, HSI-RA-2026-039903-001 (Google Reference #129173587) ("Summons #2") seeking to obtain subscriber information for additional email accounts. *See id.*

4. In preparation of litigation following repeated refusals to comply, on or about April 27, 2026, HSI consolidated Summons #1 and Summons #2, rescinded those summonses, and served Google with customs summons, HSI-RA-2026-051540-001 ("Summons 51540"), providing a new date of May 11, 2026, for compliance. *See* Exhibit 1, Summons 51540; *see also* Declaration of Joseph Cremeens [filed concurrently but separately under seal].

5. While not required by statute or in case law, at different dates and times, commencing on or about March 26, 2026 until on or about May 27, 2026, ICE OPLA and HSI engaged in good faith communications with Google to provide clarity

of HSI's authority to issue Summons #1, Summons #2, and Summons 51540, and otherwise attempt to allay Google's concerns short of litigation. *See* Declaration of Joseph Cremeens [filed concurrently but separately under seal]. Despite these efforts, at no time did Google comply with Summons # 1, Summons # 2, or Summons 51540. *See id.*

## III. Argument in Support of Petition

### A. HSI Special Agents can issue a customs summons pursuant to their authority as customs officers.

6. HSI is authorized to issue summonses to compel the production of records under 19 U.S.C. § 1509 pursuant to federal law and DHS delegation. The Homeland Security Act of 2002, Pub. L. No. 107–296, 116 Stat. 2135 (2002) (codified at 6 U.S.C. § 101 et seq.), transferred all functions (including legal authorities and operational programs) of the U.S. Customs Service from the Department of the Treasury to the DHS. 6 U.S.C. § 203(1); *see also United States v. Wilson*, 699 F.3d 235, 240 n.2 (2d Cir. 2012). Thereafter, the Secretary of Homeland Security delegated customs law authorities to ICE. DHS Delegation No. 7030.2, *Delegation of Authority to the Assistant Secretary for U.S. Immigration and Customs Enforcement* (Nov. 13, 2004). HSI, a component of ICE, is the agency's investigatory arm and, as such, is tasked with a broad mission to combat transnational crime and immigration offenses that threaten the public safety and the national security of the United States. *See The Fiscal Year 2027 Budget for the U.S. Immigration and Customs Enforcement Agency: Hearing Before H. Subcomm. on Homeland Security*, 119th Cong. 4–5 (2026) (testimony of Todd M. Lyons, Senior Official Performing the Duties of the Dir. of U.S.

Immigr. and Customs Enf't); *see also ICE's Mission*, U.S. Immigr. and Customs Enf't, https://www.ice.gov/mission (last visited May 29, 2026).

7. To accomplish HSI's broad law enforcement mission, HSI Special Agents are designated as customs officers pursuant to 19 U.S.C. § 1401(i) and are empowered with law enforcement authority under 19 U.S.C. § 1589a(3) to, in part, "make an arrest without a warrant for any offense . . . cognizable under the laws of the United States committed outside the officer's presence if the officer has reasonable grounds to believe that the person to be arrested has committed or is committing a felony." Pursuant to its authorities, HSI Special Agents are authorized to enforce federal criminal laws including, but not limited to, laws within Title 18 of the U.S. Code.

8. Under 19 U.S.C. § 1509, HSI is authorized to issue summonses to request the production of records, as relevant here, "[i]n any investigation or inquiry conducted for the purpose of . . . insuring compliance with the laws of the United States administered by" HSI. In the instant investigation, HSI issued Summons 51540 pursuant to 19 U.S.C. § 1509(a)(1), which provides that, a summons can be issued to "examine, or cause to be examined, upon reasonable notice, any record (which for purposes of this section, includes, but is not limited to, any statement, declaration, document, or electronically generated or machine readable data) described in the notice with reasonable specificity, which may be relevant to such investigation or inquiry[.]"

9. Under 18 U.S.C. § 2703(c)(2), a governmental entity may require a provider of electronic communication services to disclose, pursuant to administrative

subpoenas, information pertaining to a subscriber such as name, address, telephone connection records, length of service, type or service, and other subscriber number or identity, including any temporarily assigned network address. In the instant investigation, the HSI issued summons is an administrative subpoena, authorized by 19 U.S.C. § 1509(a)(1), which satisfies the parameters of 18 U.S.C. § 2703(c)(2). *See, e.g., United States v. Cray*, 673 F. Supp. 2d 1368 (S.D. Ga. 2009).

**B. Enforcement of Summons 51540 is warranted under 19 U.S.C. § 1510.**

10. If a recipient fails to comply with the summons, the Government is authorized to apply for a district court order under 19 U.S.C. § 1510(a), "in any district court of the United States" where, in relevant part, a corporation "is doing business," to compel compliance. This Court has the jurisdiction to issue such an order under 19 U.S.C. § 1510(a) because Google routinely and regularly "does business" in this district and has at all times maintained minimum contacts with this district. *See Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945); *see also Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 328 (4th Cir. 2013). Given that Google has failed to comply with Summons 51540, a district court order under 19 U.S.C. § 1510(a) is justified.

11. To obtain an order to enforce a summons, the Government has the initial burden to establish a *prima facie* showing the summons was issued in good faith and the following factors are met: 1) the investigation is being conducted for a legitimate purpose; 2) the inquiry is relevant to that purpose; 3) the information sought is not already in the Government's possession; and 4) the appropriate administrative steps

were followed. *United States v. Powell*, 379 U.S. 48, 57–58, (1964) (discussing factors for enforcement of an IRS administrative summons). Courts have routinely applied *Powell* to the enforcement of customs summonses. *See United States v. Tan*, 16 F.4th 1346, 1353 (9th Cir. 2021) (applying factors in *Powell*, 379 U.S. at 57–58, to an administrative summons issued under Title 19); *see also United States v. Frowein*, 727 F.2d 227, 230 (2d Cir. 1984) (same); *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989) (same). The Government's burden with respect to satisfying those factors is "slight or minimal." *See Conner v. United States*, 434 F.3d 676, 680 (4th Cir. 2006) (quoting *Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir.2001) (internal quotation marks omitted)); *see also, Tan*, 16 F.4th at 1352–53 (contrasting the Government's burden to establish a *prima facie* case with the opposing party's "heavy burden to disprove the government's showing"). Additionally, in cases concerning the enforcement of administrative summons, courts have held that the Government can meet its burden by offering a declaration from the special agent involved in the investigation. *See Tan*, 16 F.4th at 1352; *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987) (stating "The government may establish its prima facie case by an affidavit of an agent involved in the investigation averring the *Powell* good faith elements."); *see also United States v. Kis*, 658 F.2d 526, 536 (7th Cir.1981); *United States v. Garden State National Bank*, 607 F.2d 61, 68 (3d Cir.1979). The Government submits that it has met its burden with respect to each of these factors.

**a. HSI's investigation is being conducted for a legitimate purpose.**

12. In delineating what constitutes a legitimate purpose, courts have limited the inquiry to whether the agency is conducting an investigation in good faith. *See Mollison v. United States*, 481 F.3d 119, 124 (2d Cir. 2007) (holding the "'legitimate purpose' test comprehends a question much narrower than the merits of any subsequent enforcement action, namely, whether the IRS is pursuing its investigation in good faith."); *see also PAA Mgmt., Ltd. v. United States*, 962 F.2d 212, 216 (2d Cir. 1992) (noting examples of bad faith in the IRS context as "harassing the taxpayer, putting pressure on the taxpayer to settle a collateral dispute, and similar kinds of bad faith abuse"); *Alphin*, 809 F.2d at 238 (noting that the IRS's summons power "may not be used for improper purposes, 'such as to harass the taxpayer or put pressure on him to settle a collateral dispute.'" (quoting *Powell*, 379 U.S. at 58.)); *United States v. Merrell*, 88 F. Supp. 3d 1017, 1033 (D. Minn. 2015), *aff'd on other grounds*, 842 F.3d 577 (8th Cir. 2016) (concluding "there was nothing improper about [a DHS Special Agent] issu[ing] . . . [an] administrative subpoena . . . under 19 U.S.C. § 1509" to investigate violations of 18 U.S.C. § 2251). Here, HSI was authorized to issue Google Summons 51540 because, according to the Special Agent's declaration, it was issued for a legitimate purpose, to wit, to advance an investigation into multi-stage wire fraud scheme involving international financial transactions and suspected foreign perpetrators. *See* Declaration of Joseph Cremeens [filed concurrently but separately under seal].

**b. HSI's inquiry into the subscriber information is relevant to its investigation.**

13. In construing the relevancy requirement for the enforcement of an administrative summons issued by the IRS, the Fourth Circuit has held that the Government needs to show it has a "realistic expectation rather than an idle hope that something may be discovered." *United States v. Richards*, 631 F.2d 341, 345 (4th Cir. 1980) (quoting *United States v. Harrington*, 388 F.2d 520, 524 (2d Cir. 1968)). While also ensuring that their inquiry is not overbroad, disproportionate to the end sought, nor a "fishing expedition" through the individual's records. *See United States v. Theodore*, 479 F.2d 749, 754 (4th Cir. 1973). Summons 51540 was issued within these confines.

14. During this investigation, according to the Special Agent's declaration, HSI, in conjunction with the IRS, discovered target email accounts hosted by Google fraudulently enticing victims to send large sums of funds both internationally and domestically. *See* Declaration of Joseph Cremeens [filed concurrently but separately under seal]. In issuing Summons 51540, HSI is anticipating that the subscriber information will lead to the discovery of additional targets or the identities or locations of its existing targets. *See id.* Moreover, Summons 51540 is narrowly tailored to the subscriber information for the target accounts to support its investigation. *See id.* Accordingly, HSI's inquiry meets the relevancy requirement necessary for enforcement.

**c. HSI is seeking information that is not already in the Government's possession.**

15. According to the declaration from the Special Agent, the Government is not currently in possession of the information requested in Summons 51540. *See id.* Therefore, HSI has satisfied this requirement.

**d. HSI followed the appropriate administrative steps when issuing Summons 51540.**

16. A properly issued summons under 19 U.S.C. § 1509(a)(1) to a corporation requires that: 1) the summons be issued by a person with appropriate authority, to include, no one lower than the special agent in-charge ("SAC"); 2) that reasonable notice be provided; 3) that the records to be examined must be described with reasonable specificity; and 4) service be made to "an officer, or managing or general agent, or to any other agent authorized by appointment or by law to receive service of process" and effected by any person designated in the summons to serve it. 19 U.S.C. § 1509(a), 1509(a)(1), 1509(c). According to the declaration from the Special Agent, HSI followed each of the aforementioned administrative steps when issuing Summons 51540. *See* Declaration Joseph Cremeens [filed concurrently but separately under seal]. Consequently, HSI has satisfied this requirement.

THEREFORE, the United States of America having complied with all requirements necessary for enforcement of a customs summons under 19 U.S.C. § 1510(a) respectfully requests an order from this Court compelling Google to comply with Summons 51540. A proposed order is filed contemporaneously.

Respectfully submitted this 24th day of July, 2026.

W. ELLIS BOYLE
United States Attorney

BY: Katherine A. King
KATHERINE A. KING
Deputy Chief, Civil Division
U.S. Attorney's Office
150 Fayetteville Street,
Suite 2100 Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: Katie.king@usdoj.gov
N.C. State Bar No. 44525
*Attorney for United States of America*

CERTIFICATE OF SERVICE

I do hereby certify that I have this 24th day of July, 2026, served a copy of the foregoing upon the below-listed party or parties by electronically filing the foregoing with the Court on this date using the CM/ECF system and/or by placing in the U.S. Mail at the address listed below:

Ashurst Perkins Coie
c/o Randy Tyler
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Randy.tyler@ashurstperkins.com

*Counsel for Google, LLC*

BY: Katherine A. King

KATHERINE A. KING
Deputy Chief, Civil Division
U.S. Attorney's Office
150 Fayetteville Street,
Suite 2100 Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: Katie.king@usdoj.gov
N.C. State Bar No. 44525
*Attorney for United States of America*