# EXHIBIT 1

| | |
|---|---|
| **From:** | King, Katie (USANCE) |
| **To:** | Tyler, John R. (Randy) (SEA) |
| **Subject:** | RE: Regarding Your Legal Process (Google Ref. 128934260) |
| **Date:** | Tuesday, July 14, 2026 8:28:31 AM |

Hi Randy:

My client takes the position that all of these inquiries have been addressed in one or more responses from HSI in the correspondences between the parties since April. Sorry not to be of more help.

Katie

**Katie A. King**
Deputy Chief, Civil Division
U.S. Attorney's Office
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
The information contained in this electronic message and any and all accompanying documents may contain sensitive, confidential, or privileged information. This information is the property of the U.S. Department of Justice. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this message in error, please notify us immediately at the above number to make arrangements for its return to us.

**From:** Tyler, Randy <randy.tyler@ashurstperkins.com>
**Sent:** Friday, July 10, 2026 5:19 PM
**To:** King, Katie (USANCE) <Katie.King@usdoj.gov>
**Subject:** [EXTERNAL] RE: Regarding Your Legal Process (Google Ref. 128934260)

Hi Katie,

Thank you for letting me know so quickly and for agreeing to hold off on filing so that I can discuss with Google its position.

Briefly, to summarize our understanding: we understand that DHS is conducting an investigation into criminal activity involving elder fraud jointly with the IRS, but that the government will not utilize other forms of legal process (such as a grand jury subpoena and/or IRS summons) that are typically available in cases involving criminal and/or IRS investigations. We further understand that the government is unable to state that there is probable cause to believe that the records sought relate to the importation of prohibited merchandise, as required to fall within the definition of "records" obtainable via summons under 19 U.S.C. § 1509(a)(2).

One final question: can you confirm the government's position on the form of legal process it

seeks to enforce? We understand from Ms. Downes' earlier email that, in the government's view, this is not a § 1509(a)(2) summons. Is the government seeking to enforce a § 1509(a)(1) examination of records issued in the form of a § 1509(a)(2) summons? Or is the government's position that this is a § 1509(a)(2) third-party summons to a non-record keeper, but that the limitations in § 1509(a)(2) (including the limited definition of "records," 19 U.S.C. § 1509(d)(1)(A)) do not apply?

Once again, I appreciate your outreach on this. As discussed, I will confer with Google and anticipate following up next week with its position.

Thank you, and I hope you have a great weekend.

Randy


**Randy Tyler**
Partner

D: +1 206 359 3034

**Ashurst Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
ashurstperkinscoie.com


Please follow Ashurst Perkins Coie on LinkedIn

---

**From:** King, Katie (USANCE) <Katie.King@usdoj.gov>
**Sent:** Thursday, July 09, 2026 1:43 PM
**To:** Tyler, John R. (Randy) (SEA) <rtyler@perkinscoie.com>
**Subject:** RE: Regarding Your Legal Process (Google Ref. 128934260)

Hi Randy:

I have conferred with my client about the topics you and I discussed this afternoon, and the only resolution that my client would accept short of litigation is Google's compliance with the outstanding customs summons. I unfortunately do not have authority to discuss further the analysis of the alternatives you posed.

Nonetheless, I will hold off on filing the petition until I have heard from you next week as to your client's current position. Thank you.

Best,

Katie


**Katie A. King**
Deputy Chief, Civil Division

U.S. Attorney's Office
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
The information contained in this electronic message and any and all accompanying documents may contain sensitive, confidential, or privileged information. This information is the property of the U.S. Department of Justice. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this message in error, please notify us immediately at the above number to make arrangements for its return to us.

---

**From:** Tyler, Randy <randy.tyler@ashurstperkins.com>
**Sent:** Thursday, July 9, 2026 2:06 PM
**To:** King, Katie (USANCE) <Katie.King@usdoj.gov>; Downes, Christina R <Christina.R.Downes@ice.dhs.gov>
**Cc:** Garza, Alan <alfredoalan.garza@ashurstperkins.com>; Kent Trespalacios <kent.trespalacios@ice.dhs.gov>
**Subject:** [EXTERNAL] RE: Regarding Your Legal Process (Google Ref. 128934260)

Hi Katie,

Yes, I'm free after noon PT/3pm ET. Shall I give you a call at 3pm your time? If so, is the number in your signature block the right one to use?

**Randy Tyler**
Partner

D: +1 206 359 3034

**Ashurst Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
ashurstperkinscoie.com

Please follow Ashurst Perkins Coie on LinkedIn

---

**From:** King, Katie (USANCE) <Katie.King@usdoj.gov>
**Sent:** Thursday, July 09, 2026 9:09 AM
**To:** Tyler, John R. (Randy) (SEA) <rtyler@perkinscoie.com>; Downes, Christina R <Christina.R.Downes@ice.dhs.gov>
**Cc:** Garza, Alfredo Alan (AUS) <AGarza@perkinscoie.com>; Kent Trespalacios <kent.trespalacios@ice.dhs.gov>
**Subject:** RE: Regarding Your Legal Process (Google Ref. 128934260)

Hello Randy:

Do you have a few minutes later this afternoon or tomorrow that I can get on your calendar for a brief phone call regarding the compliance matter that you've previously discussed with Ms. Downes? I'll be available from 2 pm onwards.

Much appreciated.

Katie

**Katie A. King**
Deputy Chief, Civil Division
U.S. Attorney's Office
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
The information contained in this electronic message and any and all accompanying documents may contain sensitive, confidential, or privileged information. This information is the property of the U.S. Department of Justice. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this message in error, please notify us immediately at the above number to make arrangements for its return to us.

---

**From:** Tyler, John R. (Randy) (Perkins Coie) <rtyler@perkinscoie.com>
**Sent:** Wednesday, May 27, 2026 12:55 PM
**To:** Downes, Christina R <Christina.R.Downes@ice.dhs.gov>
**Cc:** King, Katie (USANCE) <Katie.King@usdoj.gov>; Garza, Alfredo Alan (Perkins Coie) <AGarza@perkinscoie.com>; Kent Trespalacios <kent.trespalacios@ice.dhs.gov>
**Subject:** [EXTERNAL] RE: Regarding Your Legal Process (Google Ref. 128934260)

Ms. Downes,
While Google agrees with you that an examination under Section 1509(a)(1) and a summons under Section 1509(a)(2) are distinct and complementary powers, this is a summons and therefore is governed by Section 1509(a)(2). Accordingly, and unless the government can confirm that it has probable cause to believe the records sought pertain to the importation of prohibited merchandise, as required by Section 1509(a)(2), Google is unable to produce any records in response to the summons. Should you submit another form of legal process seeking these records for purposes of this investigation, such as a grand jury subpoena or court order, please provide us with the Google Reference Number for any subsequent legal process so that we can flag it for Google's prompt review.
Thank you,

Randy

**Randy Tyler**
**PARTNER**

Perkins Coie
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3034
RTyler@perkinscoie.com
perkinscoie.com

---

**From:** Downes, Christina R <Christina.R.Downes@ice.dhs.gov>
**Sent:** Thursday, May 21, 2026 11:42 AM
**To:** Tyler, John R. (Randy) (SEA) <rtyler@perkinscoie.com>
**Cc:** King, Katie (USANCE) <katie.king@usdoj.gov>; Garza, Alfredo Alan (AUS) <AGarza@perkinscoie.com>; Trespalacios, Kent <Kent.Trespalacios@ice.dhs.gov>
**Subject:** RE: Regarding Your Legal Process (Google Ref. 128934260)

Counsel,

The assertion that "when the government issues a summons pursuant to 19 U.S.C. § 1509, it acts under § 1509(a)(2), not (a)(1)" is overly broad and inaccurate. The statute itself distinguishes between the authority to examine records (§ 1509(a)(1)) and the authority to summon records (§ 1509(a)(2)), but both provisions are operative and have been recognized by courts as conferring distinct and complementary powers. Because the customs summons in question was issued pursuant to § 1509(a)(1), the limitations and procedures of § 1509(a)(2) do not apply to this analysis. Indeed, two of the cases you cited, *Rubin* and *Frowein*, are limited to Customs Service investigations involving importation, but those cases do not address HSI's broader authority to examine records in non-importation compliance investigations under § 1509(a)(1). Thus, these cases, and the others you cited, are easily distinguishable and do not impose additional requirements or limitations on summonses issued outside the importation context.

To the extent you require cases that explicitly reference the authority language in § 1509(a)(1), please see a non-exhaustive sampling of cases listed below, which I have also attached to this email for your convenience:

- *United States v. Barnes*, No. CR18-5141 BHS, 2019 WL 2515317, at *6 (W.D. Wash. June 18, 2019), aff'd, No. 20-30059, 2021 WL 4938126 (9th Cir. Oct. 22, 2021) (citing § 1509(a)(1) as the basis for Customs' summons authority);

*United States v. Cray*, 673 F. Supp. 2d 1368, 1371 (S.D. Ga. 2009) (quoting the authority language from § 1509(a) and upholds the use of customs summonses in compliance investigations);
- *United States v. Meyrand*, 2025 WL 1282638, at *1 (E.D. Mo. May 2, 2025) (discussing the authority to issue customs summonses under § 1509(a) for child exploitation investigations).

Please confirm whether Google will comply with Summons 51540 now that you have been supplied with additional authority explaining HSI's ability to issue a summons under 19 U.S.C. § 1509(a)(1) **no later than Wednesday, May 27, 2026, at 5:00pm**. If no response is received, we will assume Google continues to refuse to comply and we will seek to have the summons judicially enforced.

Thank you,

Christy Downes
Counsel
**Detailed SAC CLT (North Carolina) Embedded Attorney**
Mid-Atlantic Region
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
Charlotte, NC
(704) 223-0376

---

**From:** Tyler, John R. (Randy) (Perkins Coie) <rtyler@perkinscoie.com>
**Sent:** Thursday, May 14, 2026 10:21 AM
**To:** Downes, Christina R <Christina.R.Downes@ice.dhs.gov>
**Cc:** King, Katie (USANCE) <katie.king@usdoj.gov>; Garza, Alfredo Alan (Perkins Coie) <AGarza@perkinscoie.com>
**Subject:** RE: Regarding Your Legal Process (Google Ref. 128934260)

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Ms. Downes,

Thank you for your response. Google endeavors to resolve this matter amicably and without litigation. In light of the obligations imposed by the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, Google has asked for confirmation that the summons is "authorized by a Federal [ ] statute." 18 U.S.C. § 2703(c)(2).

Numerous courts have held that when the government issues a summons pursuant to 19 USC § 1509, it acts under § 1509(a)(2), not (a)(1). *United States v. Rubin*, 2 F.3d 974, 977 (9th Cir. 1993)

(distinguishing between records "relevant to an inquiry" that may be examined by DHS, and "records required to be kept" or that "pertain" to prohibited merchandise that may be summoned by DHS); *United States v. Ford Motor Co.*, 516 F. Supp. 2d 770, 774 (W.D. Tex. 2007) ("The records subject to an administrative summons [under 1509] are strictly limited to those required to be kept by law."). As explained by the Second and Ninth Circuits, the "authority to examine" conferred by 1509(a)(1) is distinct from the far narrower "authority to summon" the production of records conferred by Section 1509(a)(2). *See United States v. Frowein*, 727 F.2d 227 (2d Cir. 1984); *Rubin*, 2 F.3d at 977; *see also Ford Motor Co.*, 516 F. Supp. 2d at 774; *U.S. v. Rainbow Rugs, Inc.*, 838 F. Supp. 11, 14 (D. Me. 1993). Thus, while Section 1509(a)(1) may permit DHS to "examine at the importer's" any records relevant to an investigation or inquiry, *Rubin*, 2 F.3d at 977, under these cases DHS may only summon the production of records from a third-party when it acts pursuant to Section 1509(a)(2). Section 1509(a)(2), in turn, permits the government only to summon the production of "records, as defined In subsection 1509(d)(1)(A)." And Section 1509(d)(1)(A) defines records narrowly to mean only those records "required to be kept under section 1508 of this title" (which does not apply to Google) or "regarding which there is probable cause to believe that they pertain to merchandise the importation of which into the United States is prohibited." *Id.*, § 1509(d)(1)(A).

Notably, while Section 1509(a)(2) limits the *records* that may be sought using a summons to "records, as defined in subsection 1509(d)(1)(A)," the authority conferred by Section 1509(a)(2) is not limited solely to summonses directed to recipients who are third-party recordkeepers. Instead, Section 1509(a)(2) expressly empowers the government to issue summonses to "*any other person* [the government] deem[s] proper." *See* 19 U.S.C. § 1509(a)(2)(C) (emphasis added). It therefore applies to all summonses issued by the government to "any other person" whom the government considers a proper recipient.

The cases noted above involve enforcement proceedings under 19 U.S.C. § 1510, in which the government's summons authority under Section 1509 was squarely before the court. By contrast, the cases noted in your message do not involve 1509 summonses at all. If you are aware of other authority holding squarely that the "examine" authority conferred by Section 1509(a)(1) conveys the government with independent summons authority, despite the separate authority to summon "any person" deemed proper conferred by Section 1509(a)(2), please let me know so that Google can further evaluate whether the summons is "authorized by a Federal [ ] statute." 18 U.S.C. § 2703(c)(2). Alternatively, as noted in my earlier email, if probable cause exists to believe the records sought relate to the importation of prohibited merchandise, please let me know.

Separately, can you confirm that Google Ref. No. 126035719 is withdrawn, and that for purposes of our discussion the only operative summons is Summons 51540?

Thank you,

Randy

**Randy Tyler**
**PARTNER**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3034
RTyler@perkinscoie.com
perkinscoie.com

---

**From:** Downes, Christina R <Christina.R.Downes@ice.dhs.gov>
**Sent:** Wednesday, May 13, 2026 9:46 AM
**To:** Tyler, John R. (Randy) (SEA) <rtyler@perkinscoie.com>
**Cc:** King, Katie (USANCE) <katie.king@usdoj.gov>; Garza, Alfredo Alan (AUS) <AGarza@perkinscoie.com>
**Subject:** RE: Regarding Your Legal Process (Google Ref. 128934260)

Counsel,

As previously stated in our April 13, 2026, letter to you—which you acknowledged in your email on April 20, 2026—Summons 51540, which consolidates two prior summonses, is compelling records pursuant to 19 U.S.C. § 1509(a)(1). There is no requirement to demonstrate probable cause that the records relate to the importation of prohibited merchandise for records requested to be produced pursuant to a customs summons issued under 19 U.S.C. § 1509(a)(1). The subsection of 1509 referenced in your email addresses the use of the customs summons to obtain records from attorneys, accountants, and customs brokers persons who are defined by 19 U.S.C. § 1509(d)(1) as "third-party recordkeepers." Thus, Google does not fall within the category of "third-party recordkeepers" specifically enumerated in the statute.

Again, we ask that you confirm whether Google intends to comply with Summons 51540. If we do not get a response by May 15, 2026, at 5pm (EST), we will assume you continue to refuse to comply.

-Christy Downes

Christy Downes
Counsel
**Detailed SAC CLT (North Carolina) Embedded Attorney**
Mid-Atlantic Region
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement

U.S. Department of Homeland Security
Charlotte, NC
(704) 223-0376

---

**From:** Tyler, John R. (Randy) (Perkins Coie) <rtyler@perkinscoie.com>
**Sent:** Monday, May 11, 2026 12:40 PM
**To:** Downes, Christina R <Christina.R.Downes@ice.dhs.gov>
**Cc:** King, Katie (USANCE) <katie.king@usdoj.gov>; Garza, Alfredo Alan (Perkins Coie) <AGarza@perkinscoie.com>
**Subject:** RE: Regarding Your Legal Process (Google Ref. 128934260)

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Ms. Downes,

Thank you for your email and the additional information below.

We will consider Summons 51540 to be the operative legal process moving forward, and will construe the two prior (since-consolidated) subpoenas, Google Ref. Nos. 128934260 and 129173587, withdrawn. Relatedly, we had communicated about a separate subpoena, Google Ref. No., 126035719, in which one or more targets of that subpoena retained counsel and indicated they may litigate to prevent enforcement. Google Ref.126035719 was not consolidated into Summons 51540. Can you confirm that Google Ref No. 126035719 has been withdrawn?

With respect to Summons 51540, please confirm in writing that the Department has "probable cause to believe that the requested records pertain to merchandise the importation of which into the United States is prohibited," as required by 19 U.S.C. § 1509(a)(2) for the issuance of a third-party summons.

Thank you,

Randy

**Randy Tyler**
**PARTNER**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3034

RTyler@perkinscoie.com
perkinscoie.com

---

**From:** Downes, Christina R <Christina.R.Downes@ice.dhs.gov>
**Sent:** Friday, May 01, 2026 9:34 AM
**To:** Tyler, John R. (Randy) (SEA) <rtyler@perkinscoie.com>
**Cc:** King, Katie (USANCE) <katie.king@usdoj.gov>
**Subject:** RE: Regarding Your Legal Process (Google Ref. 128934260)

Good afternoon,

I am counsel for Homeland Security Investigations (HSI) in the Carolinas and I am reaching out to flag that HSI has consolidated two previously issued summonses that Google did not comply with and inquire whether Google will remain non-compliant with the consolidated summons that HSI properly issued and served on Google on or about April 27, 2026, HSI-RA-2026-051540-001 (hereinafter "Summons 51540"). *See attached.*

By way of background, on or about March 16, 2026, HSI served Google with HSI-RA-2026-039236-001 (Google Reference # 128934260). On March 17, 2026, HSI served Google with a second customs summons, HSI-RA-2026-039903-001 (Google Reference #129173587). On or about March 26 and April 5, 2026, respectively, Google informed HSI it would not comply with these summonses. To address Google's concerns and explain HSI's authority to issue these summonses, on April 20, 2026, HSI's legal counsel (via Special Agent Cremeens) sent Google a letter to beseech Google to comply. On that same day, Google communicated its intention not to comply. Immediately thereafter, on April 21, 2026, HSI's legal counsel sent another email to Google, asking it to reconsider its position. Thereafter, Google still did not comply, except to provide your name as counsel for Google. As a result, HSI decided to consolidate the two summonses into one and seek the assistance of the U.S. Attorney's Office for the Eastern District of North Carolina (cc'd to this email) to begin the process of litigating compliance on Summons 51540. To date, we have not received a compliant response, or any response, on Summons 51540, although HSI has allowed Google one last chance to comply and set a due date of May 11, 2026.

In further efforts to resolve this short of litigation, we'd like to point out our authority to issue and serve Summons 51540. Courts evaluate administrative summonses under the same framework, established in *U.S. v. Powell*, 379 U.S. 48 (1964). In *U.S. v. Powell*, a taxpayer refused to comply with an Internal Revenue Service administrative summons, arguing that the IRS was obligated to establish probable cause of a tax violation before it could issue a valid summons. *Id*. at 58. In rejecting the probable-cause requirement, the Court held that to issue a valid administrative summons, the IRS was required to show only that "the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [agency's] possession, and that the administrative steps required by the Code have been followed." *Id*. at 57–58 (1964). We would also like to point out that courts have upheld the use of customs summonses in the few challenges to their application to the SCA. *See, e.g., United States v. Qing Li*, No. 07 CR 2915 JM, 2008 WL 789899, at *3 (S.D. Cal. Mar. 20, 2008) (finding that the customs summonses "issued by ICE and used to obtain IP log-in histories and addresses were authorized by the SCA.").

In summary, given that Customs Summons 51540 is seeking the same information as the first

two, we are hoping you will provide a quick response as to Google's position on compliance on it, **preferably before May 11, 2026,** in the interest of avoiding unnecessary delay or duplication of effort.

Thank-you,

Christy Downes
Embedded Counsel (HSI Carolinas)
Mid-Atlantic Region
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
Charlotte, NC
(704) 223-0376

---

**From:** Cremeens, Joseph D <joseph.d.cremeens@hsi.dhs.gov>
**Sent:** Tuesday, April 21, 2026 2:00 PM
**To:** uslawenforcement@google.com
**Cc:** Downes, Christina R <Christina.R.Downes@ice.dhs.gov>
**Subject:** RE: Regarding Your Legal Process (Google Ref. 128934260)

Thank you for your response. CCing our embedded counsel.

**Joe Cremeens**
**Special Agent**
U.S. Homeland Security Investigations
Raleigh, NC
Mobile: 984-710-1045

---

**From:** uslawenforcement@google.com <uslawenforcement@google.com>
**Sent:** Monday, April 20, 2026 3:52 PM
**To:** Cremeens, Joseph D <joseph.d.cremeens@hsi.dhs.gov>
**Subject:** RE: Regarding Your Legal Process (Google Ref. 128934260)

You don't often get email from uslawenforcement@google.com. Learn why this is important

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

We have reviewed your correspondence dated April 13, 2026, which we received via email on April 20, 2026. We continue to hold a more limited view of the scope of administrative authority granted under 19 U.S.C. § 1509 to subpoena records from a third-party service provider like Google. Accordingly, we are unable to fulfill the subpoena at this time.

On Mon, Apr 20, 2026 at 14:25 UTC joseph.d.cremeens@hsi.dhs.gov wrote:

Please see the attached response.

**Joe Cremeens**

**Special Agent**

U.S. Homeland Security Investigations

Raleigh, NC

Mobile: 984-710-1045

---

**From:** uslawenforcement@google.com <uslawenforcement@google.com>
**Sent:** Thursday, March 26, 2026 5:33 PM
**To:** Cremeens, Joseph D <joseph.d.cremeens@hsi.dhs.gov>
**Subject:** Regarding Your Legal Process (Google Ref. 128934260)

You don't often get email from uslawenforcement@google.com. Learn why this is important

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Hello,

Based on the information provided, we are currently unable to fulfill your administrative subpoena.

Google requires additional information to ensure that it complies with federal law, specifically the Stored Communications Act ("SCA"). The SCA generally prohibits Google from disclosing to a governmental entity any information pertaining to a customer or subscriber. 18 U.S.C. § 2702(a)(3). While an administrative subpoena can require Google to disclose basic subscriber information, such subpoena must be "authorized by a Federal or State statute." Id., § 2703(c)(2). Section 1509 authorizes subpoenas to obtain records relating to the importation of prohibited merchandise.

> At this time, Google does not have sufficient information to evaluate the legal basis for issuance of the subpoena, including whether the subpoena relates to the importation of prohibited merchandise.
>
> Regards,
> Legal Investigations Support
> Google LLC

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email and any attachments are confidential and may be privileged. If you have received it in error, please notify the sender immediately and delete it without copying or disclosing its contents.

We do not warrant that this email is virus-free; recipients should carry out their own checks. We reserve the right to monitor email communications through our networks.

"Partner" refers to a partner or member of a partnership in the Ashurst Perkins Coie group, or an employee or consultant of equivalent standing.

Ashurst Perkins Coie US LLP is a limited liability partnership established under the laws of Washington State and is part of the Ashurst Perkins Coie Group.

This communication is sent on behalf of Ashurst Perkins Coie. Ashurst Perkins Coie is a global group of separate legal entities, some providing legal services and some non-legal services. Different legal entities in the group may operate in the same jurisdictions. Further details about the Ashurst Perkins Coie Group can be found at www.ashurstperkinscoie.com.

---

This email and any attachments are confidential and may be privileged. If you have received it in error, please notify the sender immediately and delete it without copying or disclosing its contents.

We do not warrant that this email is virus-free; recipients should carry out their own checks. We reserve the right to monitor email communications through our networks.

"Partner" refers to a partner or member of a partnership in the Ashurst Perkins Coie group, or an employee or consultant of equivalent standing.

Ashurst Perkins Coie US LLP is a limited liability partnership established under the laws of Washington State and is part of the Ashurst Perkins Coie Group.

This communication is sent on behalf of Ashurst Perkins Coie. Ashurst Perkins Coie is a global group of separate legal entities, some providing legal services and some non-legal services. Different legal entities in the group may operate in the same jurisdictions. Further details about the Ashurst Perkins Coie Group can be found at www.ashurstperkinscoie.com.